UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DONALD VONZELL DONELSON,       )
                               )
        Plaintiff,             )
                               )
    v.                         )       Case No. 4:26 CV 389 CDP
                               )
RUSH TRUCKING CENTER OF        )
MISSOURI, INC., et al.,        )
                               )
        Defendants.            )

## MEMORANDUM AND ORDER

This lawsuit arises out of Plaintiff Donald Vonzell Donelson's purchase of a semi-truck for his freight-transporting company.  Donelson alleges that after he purchased the truck, he discovered that the title was legally defective and that no safety inspection had been performed, which prevented him from registering the vehicle in Missouri.  He brings state law claims against the private companies and individuals involved in the sale, asserting that they fraudulently sold him the truck despite knowing about the title's defects and the lack of a safety inspection. Donelson also brings civil rights claims under 42 U.S.C. §§ 1983, 1985(3), and 1986 against the City of St. Peters, Missouri, three City police officers, and a Missouri Secretary of State employee based on their alleged failures to adequately investigate his complaints and prosecute the private defendants.  Upon careful review, I will

dismiss this case for lack of subject matter jurisdiction and deny all pending motions as moot.

## Background

Plaintiff Donelson, proceeding pro se, filed this action against defendants Rush Trucking Centers of Missouri, Inc.; Rush employee Dustin Lofdahl; Hogan Trucking Leasing, LLC; notary public and Hogan employee Jennifer Brown; the City of St. Peters, Missouri; Officer Joshua Hoffman; Sergeant Tim Blattel; Lieutenant Erin O'Neal; and Commissions Supervisor Katerine Roush for the Missouri Secretary of State.  In his amended complaint, Donelson asserts federal claims of civil conspiracy under 42 U.S.C. § 1985(3) (Count III), failure to prevent civil conspiracy under 42 U.S.C. § 1986 (Count IV), and municipal liability under 42 U.S.C. § 1983 (Count V). He also asserts state law claims for odometer fraud (Count I), void and fraudulent sale (Count II), fraud (Count VI), conspiracy to commit fraud (Count VII), negligence (Count VIII), and defamation (Count IX).

The amended complaint alleges the following facts:  Hogan originally sold the semi-truck to Rush in April of 2025, but the sale was invalid due to defects in the certificate of title.  Specifically, Donelson alleges that Brown wrote false statements on the title and fraudulently notarized it even though she had a conflict of interest as Hogan's employee, which violated Missouri law and voided the sale of the truck. Despite lacking ownership of the truck, Rush sold it to Donelson for $25,000 in

November of 2025.  Donelson alleges that Rush falsely claimed the truck had passed a safety inspection before selling it to him using defective, fraudulent, and improperly notarized documents.  When Donelson attempted to register the truck in Missouri, he was denied based on the defective title and the lack of documentation showing that the truck had passed a safety inspection.  He then informed Rush that the sale was void under state law and asked for a refund, which Rush refused.

Donelson then filed a complaint with the St. Peters Police Department, accusing Rush of fraud, forgery, and filing false documents.  He alleges that in spite of the documentary evidence he provided, Officer Hoffman conducted an inadequate investigation.  Hoffman ignored the evidence and interviewed Lofdahl and another Rush employee, who falsely blamed Donelson for the title's defects.  Hoffman then recorded Lofdahl's false statements in his police report and closed the case. Donelson later presented his evidence to Sergeant Blattel and Lieutenant O'Neal, but they refused to review it or direct Officer Hoffman to add the evidence to his reports. Donelson alleges that by failing to conduct an adequate investigation, the officers wrongfully conspired to conceal the private defendants' crimes and shielded them from liability.  Donelson asserts that the City's failure to adequately train its officers to conduct unbiased investigations caused the violation of his constitutional rights.

Donelson then submitted his evidence to Katherine Roush with the Office of the Missouri Secretary of State.  He alleges that the evidence showed Jennifer Brown

had improperly notarized the certificate of title even though she was a Hogan employee.  After reviewing the evidence and speaking with Brown, Roush informed Donelson that she had completed the investigation and had not found a notarial violation because a notary is allowed to notarize documents for her employer. Donelson alleges that Roush's failure to find a violation fraudulently exonerated Brown and Hogan.

The private defendants and defendant Roush move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The City defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) based on immunities and, alternatively, for failure to state a claim.  Donelson opposes the motions.

## Discussion

The federal courts are courts of limited jurisdiction, and every federal court has a special obligation to consider its own jurisdiction.  *Thomas v. Basham*, 931 F.2d 521, 522-23 (8th Cir. 1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  I must therefore raise jurisdictional issues sua sponte when there is an indication that jurisdiction is lacking, even when the parties do not raise them.  *See id.* at 523 (a federal court will raise jurisdictional issues sua sponte when there is an indication that jurisdiction is lacking, even if the parties concede the issue).  Upon careful review, I conclude that federal question jurisdiction does not exist over any of Donelson's federal civil rights claims because he lacks standing to assert them.

- 4 -

Counts III, IV, and V will therefore be dismissed.  Because I do not have original

jurisdiction over any claim in the complaint, I lack authority to exercise supplemental

jurisdiction over Donelson's remaining state law claims.  Because no independent

basis exists for me to consider these claims, they will also be dismissed.

**<u>Federal Civil Rights Claims</u>**

"Standing is a jurisdictional prerequisite that must be resolved before reaching

the merits of a suit." *Pratt v. Helms*, 73 F.4th 592, 594 (8th Cir. 2023) (citation

modified).  To establish standing Donelson must show that he "has suffered an injury

in fact that is:  concrete and particularized and actual or imminent; fairly traceable to

the challenged action of the defendant; and likely to be redressed by a favorable

decision." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (citation modified);

*see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009) ("'Injury

in fact' is an invasion of a legally cognizable right.").

Liberally construing Donelson's pro se allegations, the crux of his federal civil

rights claims is that defendant state officials conspired to protect private defendants

Rush, Lofdahl, Hogan, and Brown from liability by conducting inadequate

investigations and failing to prosecute them.[1]  But it is well established that "a private

---

[1]The amended complaint appears to have been generated by a large language model and is somewhat difficult to parse, so it is unclear whether Donelson is challenging the defendant state officials' failures to investigate and prosecute or only their failure to investigate.  I liberally construe the amended complaint as challenging both the failure to investigate and the failure to prosecute, as the analysis remains the same.

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and therefore lacks standing to sue an official for his alleged failure to prosecute an alleged criminal. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution"); *Parkhurst*, 569 F.3d at 865 (stating that while defendants subjected to or threatened with discriminatory prosecution have standing to bring an equal protection claim, this right has not been extended to crime victims (citing *Linda R.S.*, 410 U.S. at 619 & n.5)). The Eighth Circuit has explained that crime victims lack standing to challenge prosecutorial decisions because of the "special status of criminal prosecutions in our system, which rejects a direct nexus between the vindication of victims' interests and enforcement of the State's criminal laws." *Parkhurst*, 569 F.3d at 866 (citation modified). In *Pratt*, the Eighth Circuit extended this reasoning to investigations and concluded that generally, a crime victim lacks standing to sue based on an official's failure to investigate the crime committed against him. 73 F.4th at 595 (explaining that "investigative decisions are generally left to the discretion of the executive branch" (citing *Lefebure v. D'Aquilla*, 15 F.4th 650, 655 (5th Cir. 2021)); *see also Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (stating that there is no "statutory or common law right, much less a constitutional right, to an investigation").

The same reasoning applies here.  Even accepting Donelson's allegations as true, the private defendants' fraudulent misconduct caused his injury, s*ee Linda R.S.*, 410 U.S. at 618 ("appellant no doubt suffered an injury"), not the defendant officials' later failure to investigate and prosecute them.  Thus, there is no direct relationship between Donelson's alleged injury and his civil rights claims.  *See id.* ("Certainly the 'direct' relationship between the alleged injury and the claim sought to be adjudicated, which previous decisions of this Court suggest is a prerequisite of standing, is absent in this case.").  Because Donelson lacks a legally cognizable injury in fact and has no standing to bring his federal civil rights claims, Counts III, IV, and V must be dismissed for lack of subject matter jurisdiction.  *See Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir. 1993) ("Without standing the federal courts are without subject matter jurisdiction to entertain their action.").

**State Law Claims**

"Supplemental jurisdiction only applies to a 'civil action of which the district courts have original jurisdiction.'"  *Myers v. Richland Cty.*, 429 F.3d 740, 748 (8th Cir. 2005) (quoting 28 U.S.C. § 1367(a)).  I must therefore have original jurisdiction over at least one claim in the complaint to exercise supplemental jurisdiction over the remaining state law claims.  *Id.* (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005)).

I lack authority to exercise supplemental jurisdiction over the remaining state law claims because I do not have original subject matter jurisdiction over any of Donelson's federal civil rights claims.  Because there is no independent jurisdictional basis for me to consider the state law claims, they must also be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

A separate Judgment will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2026.

- 8 -